OPINION JUDGMENT ENTRY
{¶ 1} Appellant Chrissy Bender appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son to the Stark County Department of Job and Family Services ("SCDJFS"), appellee herein. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 8, 2002, SCDJFS filed a complaint alleging appellant's son, Brandon, then age eight months, was dependent, neglected, and/or abused. Among the concerns stated in the complaint were that appellant had left the child with a relative and traveled to the State of Kansas, where she wound up incarcerated on a trafficking conviction. Furthermore, according to the complaint, the relative took Brandon to the hospital and did not return for three days, leading the hospital to refuse to release the child to said relative.
 {¶ 3} Appellant stipulated to a dependency finding on January 21, 2003, and temporary custody was maintained with SCDJFS. On October 6, 2003, SCDJFS filed a motion for permanent custody, which the trial court set for an evidentiary hearing. On December 17, 2003, the trial court issued a judgment entry with findings of fact and conclusions of law, granting permanent custody of Brandon to SCDJFS.
 {¶ 4} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred in its determination that the stark county department of job and family services put forth good faith and diligent efforts to rehabilitate the family situation."
 I {¶ 6} In her sole Assignment of Error, appellant relies onIn re Lay (1987), 43 Ohio App.3d 78, which states that as a prerequisite to a grant of permanent custody, "* * * R.C.2151.414(A) requires the trial court to determine: (1) that the board has made a good faith effort to implement the initial and subsequent reunification plans; (2) that the parents have acted so as to leave the child without adequate parental care and that they will continue to do so in the near future; and (3) that it is in the best interests of the child to permanently terminate parental rights." Id., at paragraph one of the syllabus. However, the Ninth District Court of Appeals, which decided Lay, has since recognized that because the General Assembly redrafted R.C.2151.414 in 1988 Am.Sub.S.B. No. 89 (effective 1-1-89), Lay is no longer applicable authority. See In re Culver (June 23, 1999), Summit App. No. 19285. At least two other appellate courts have reached similar conclusions. See In re Tirado (Jan. 21, 1998), Mahoning App. No. 97CA26; In re Willis, Allen App. No. 1-02-17, 2002-Ohio-4942.
 {¶ 7} We are cognizant that the present statutory scheme requires a court, in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see 2151.414(B)(1)(a)), to consider the existence of one or more factors under R.C.2151.414(E), including whether or not "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." See R.C. 2151.414(E)(1). However, in the case sub judice, there was no requirement for a R.C. 2151.414(B)(1)(a) finding, based on the court's finding of abandonment (Judgment Entry at 1), which is not herein challenged by appellant. See In reWillis, Coshocton App. No. 02CA15, 2002-Ohio-6795, ¶ 30. See, also, In re Starkey (1999), 150 Ohio App.3d 612, 617: "Hence, because the agency proved and the court found that the children were abandoned, the court was not required to determine whether the agency used reasonable efforts to reunify or whether the child could not or should not be placed with either parent within a reasonable time."
 {¶ 8} Appellant's arguments pertaining to the issue of diligent efforts and reasonable case planning by the agency are thus without merit. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 9} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Judgment affirmed.
Edwards and Boggins, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs to appellant.