OPINION
{¶ 1} Appellant Sheri Foreman appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which granted permanent custody of two of appellant's children to Appellee Licking County Department of Job and Family Services ("LCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and her estranged husband, Todd Foreman, have a total of five children together. LCDJFS became involved with the Foreman family in the present case when two of the five children were found wandering in the street after a babysitter failed to supervise them. Tr. at 157. On September 12, 2002, LCDJFS filed separate complaints alleging that Krislyn Foreman and Chase Foreman, appellant's daughter and youngest son, were dependent children pursuant to R.C. 2151.04. The complaint included concerns that the house was filthy and foul-smelling. On September 13, 2002, the trial court granted LCDJFS's request for emergency shelter care. On November 28, 2002, an initial case plan was filed by LCDJFS. On December 5, 2002, the trial court conducted an adjudicatory hearing as to both complaints. Both children were thereupon found dependent, and temporary custody was maintained with LCDJFS.
 {¶ 3} On August 14, 2004, LCDJFS filed an amended case plan, indicating that the intended goal was permanent custody rather than reunification. On November 9, 2004, LCDJFS filed a motion for permanent custody. An evidentiary hearing on said motion was conducted on February 2 and 3, 2005. The magistrate filed an amended decision on March 2, 2005, granting permanent custody to the agency. On May 16, 2005, with leave of court, appellant filed her objections to the decision of the magistrate.
 {¶ 4} The trial court issued a judgment entry denying appellant's objections and affirming the magistrate's decision on June 10, 2005. Appellant filed a notice of appeal therefrom on July 11, 2005. She herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE LOWER COURT'S GRANT OF PERMANENT CUSTODY OF THE MINOR CHILDREN, KRISLYN FOREMAN AND CHASE FOREMAN, TO THE LICKING COUNTY DEPARTMENT OF JOB FAMILY SERVICES, CHILDREN SERVICES DIVISION VIOLATES APPELLANT FOREMAN'S RIGHT TO DUE PROCESS UNDER THE LAW.
 I. {¶ 6} In her sole Assignment of Error, appellant challenges the trial court's grant of permanent custody of Krislyn and Chase to LCDJFS.
 R.C. 2151.414(B) Issues {¶ 7} R.C. 2151.414(B)(1) is pertinent in the case sub judice in addressing the trial court's grant of permanent custody. This statute provides as follows:
 {¶ 8} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 9} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 10} "(b) The child is abandoned.
 {¶ 11} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 12} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 13} The statutory scheme further requires a court, in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), supra), to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." See R.C.2151.414(E)(1); In re Bender, Stark App. No. 2004CA00015,2004-Ohio-2268.
 {¶ 14} In the case sub judice, the case plan elements required appellant to (1) provide appropriate and safe housing for the children; (2) meet the children's basic and special needs; (3) complete a parenting class; (4) obtain and maintain steady employment; and (5) participate in a psychological evaluation.
 {¶ 15} At the time of the children's removal from the Foreman household, appellant and her husband Todd were residing together. However, they separated in April of 2003. Appellant contends that LCDJFS thereafter began treating her and Todd differently, such as by providing financial assistance for Todd's housing, but not hers. Appellant points out that she once tried to save for nine months to obtain an apartment. See Tr. at 64-68. However, appellant conceded that her current residence, a house she shares with her boyfriend, as of the time of trial was not a safe and stable environment for her children. Tr. at 25. The house had no running water and necessitated bringing in water to clean and to flush the toilet. Appellant also had repeated problems paying the utilities. LCDJFS had put appellant on notice as early as August 2004 that the house was unsuitable, but the problems were not remedied by the time of the trial six months later. Tr. at 81, 171.
 {¶ 16} As of the trial date, appellant was employed by Newark Healthcare. Nonetheless, appellant admittedly had at least seven different jobs during the time of LCDJFS involvement. Appellant lacks a high school diploma, and presently contends LCDJFS has not assisted her in obtaining a GED. Yet at least one of her jobs failed due to an absenteeism problem, and appellant misled the agency during one three-month period by telling them she was still working when she had lost her job. Tr. at 18. Appellant had also lost her driver's license via a suspension. Tr. at 60.
 {¶ 17} In regard to the remaining case plan requirements, appellant did complete her psychological evaluation, but did not follow through with a recommendation for individual counseling. Appellant also underwent a voluntary drug and alcohol assessment, and denied having a problem in this area. Nonetheless, she showed positive for methamphetamine during a test in January 2005. Tr. at 30. To her credit, appellant completed her parenting class. There is further no dispute that the regular visits she had with her children at the agency went well, although appellant voluntarily at one point cut them back to one and a half hours due to work. Tr. at 32, 52, 175, 2062-07. However, we note in making these observations from the record that "[w]hile * * * the progress of the parents is measured in part by their completion of case plan goals, the case plan is not the only measure by which a court determines whether to grant a motion for permanent custody." In re Calvert Children, Guernsey App. Nos. 05-CA-19, 05-CA-20, 2005-Ohio-5653, ¶ 74, citing In the Matter ofMcKenzie (Oct. 18, 1995), Wayne App. No. 95CA0015.
 Best Interest Issues {¶ 18} In determining the best interest of a child, the trial court is required to consider "all relevant factors, including, but not limited to," the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 19} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 20} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 21} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 22} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 23} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 24} In the case sub judice, the record indicates that a bond continued to exist between the Foremans and Krislyn and Chase. However, the guardian ad litem visited with the children in their foster placement setting and made oral and written recommendations to the court. Although the children were limited in communicating with the guardian due to their ages and developmental delays, the report concluded from the observations made that permanent custody would be in their best interests. Furthermore, as of the trial date in February 2005, both children had been in the temporary custody of LCDJFS since September 2002. See R.C. 2151.414(D)(3), supra. We additionally note that during the case, neither Todd nor appellant named any willing relatives for potential placement of the children.
 Conclusion {¶ 25} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. In addition, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994),95 Ohio App.3d 309, 316, 642 N.E.2d 424. Furthermore, "[i]t is axiomatic that both the best-interest determination and the determination that the child cannot be placed with either parent focus on the child, not the parent." In re Mayle (July 27, 2000), Cuyahoga App. Nos. 76739, 77165, citing Miller v. Miller
(1988), 37 Ohio St.3d 71, 75, 523 N.E.2d 846.
 {¶ 26} In the case sub judice, upon review of the record and the findings of fact and conclusions of law therein, particularly as to appellant's general lack of progress in dealing with her housing and employment issues, we conclude the trial court's grant of permanent custody to LCDJFS was made in the consideration of the best interests of Krislyn and Chase, and did not constitute an error or an abuse of discretion.
 {¶ 27} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 28} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
Costs to appellant.