OPINION
{¶ 1} Appellant Randy Lowther appeals the grant of permanent custody of his daughter, Teuila Kyler-Lowther, to Appellee Tuscarawas County Department of Job and Family Services ("TCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 8, 2003, Appellee TCDJFS filed a complaint alleging that Teuila Kyler-Lowther, born in 2002, was a neglected and dependent child. At that time, paternity of Teuila's had not yet been established. The complaint included concerns that the child's mother, Tanya Kyler-Lowther, had engaged in threatening behavior in the presence of the child, including screaming at social services personnel, and that her public assistance work assignments, a condition of receiving benefits, were being lost due to inappropriate behavior. Following an adjudicatory hearing on October 7, 2003, the court found Teuila to be a dependent child. A dispositional hearing was conducted on November 5, 2003. Teuila was ordered to remain in the temporary custody of TCDJFS.
 {¶ 3} Randy was established as Teuila's father in January 2004. He and Tanya thereafter were married and they have continued to reside together.
 {¶ 4} In April 2005, appellant filed a motion to review the existing visitation orders. Following two hearings before a magistrate on May 24 and June 7, 2005, the trial court issued a judgment entry on July 14, 2005, denying appellant and Tanya increased visitation with Teuila.
 {¶ 5} In the meantime, on June 22, 2005, TCDJFS filed a motion for permanent custody. A bench trial went forward on December 1, 2005. By agreement of the parties, the trial court also utilized the transcript of the May 24/June 7 hearings regarding visitation. On December 12, 2005, the trial court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of Teuila to TCDJFS.
 {¶ 6} On January 3, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PERMANENT CUSTODY OF APPELANT'S (SIC) CHILD TO APPELLEE AND THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I. {¶ 8} In his sole Assignment of Error, appellant challenges the trial court's conclusion that permanent custody of Teuila would be granted to TCDJFS.
 {¶ 9} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 10} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned.
 {¶ 13} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 15} Ohio's present statutory scheme requires a court, in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), supra), to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." See R.C.2151.414(E)(1); In re Bender, Stark App. No. 2004CA00015,2004-Ohio-2268.
 {¶ 16} The record in the case sub judice reveals that Tanya completed three psychological evaluations and one psychiatric evaluation. The first two were with Rajendra Misra, Ph.D., who diagnosed appellant with an Axis I schizoaffective disorder. Tr. at 68.[1] Dr. Misra recommended a psychiatric evaluation and individual therapy. In October 2003, accordingly, appellant was seen by Stephen Penepacker, M.D., who disagreed somewhat with Dr. Misra and diagnosed appellant with major depression, in partial remission, and schizotypal personality. Tr. at 62. He further saw no signs of psychosis or delusions as of July 2005, and he felt appellant did not need medication. Tr. at 66, 69. He opined that appellant was "pathologically suspicious," which could result in overreacting, although not to the point of psychosis or Munchausen's syndrome. Tr. at 70-71. In addition, in regard to Dr. Misra's recommendations, appellant did attend individual counseling at Community Mental Healthcare from January 2004 to June 2004. Her counselor reported that appellant showed "stable behaviors" and enjoyed the supervised visits with Teuila. Exhibit A-13. However, appellant terminated the counseling but later reinitiated it just prior to the May/June visitation hearing. Appellant was also evaluated by Dr. Anita Exley of the Chrysalis Counseling Center. She opined that appellant had a "very defensive style" and a tendency to distort her thoughts. She felt appellant would need consistent monitoring in order to parent. Tr. II at 100. She diagnosed appellant with Axis I schizoaffective disorder, bi-polar type. Tr. II at 208.
 {¶ 17} The main case plan elements required Tanya to (1) complete a psychological evaluation and follow the corresponding recommendations; (2) attend parenting classes to learn appropriate roles and expectations; and (3) obtain employment and maintain adequate housing. Subsequent to the establishment of paternity, a case plan was prepared for appellant as well. Appellant contends that he and Tanya substantially completed their case plan requirements and complied with TCDJFS's requests. Nonetheless, the main issue considered at this juncture in permanent custody cases is not whether the parent has substantially complied with the case plan, but whether the parent has substantially remedied the conditions that caused the child's removal. In re Calvert Children, Guernsey App. Nos. 05-CA-19, 05-CA-20, 2005-Ohio-5653, ¶ 74, quoting In the Matter ofMcKenzie (Oct. 18, 1995), Wayne App. No. 95CA0015.
 {¶ 18} Although we need not re-state them in the present opinion, the record reveals the recounting of several troubling episodes related to Tanya's behavioral and mental health issues. TCDJFS case manager Beth Bertini expressed ongoing concerns that appellant was enabling and was unable to recognize Tanya's problematic behaviors. Tr. at 13. The guardian ad litem report indicated the same concerns about appellant, rhetorically questioning "* * * if Mr. Lowther fails to recognize the potential threat or danger Ms. Kyler[`s] mental health presents at times, how would the behavior affect Teuila?" GAL Report at 6.
 {¶ 19} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. The facts of this case perhaps do not rise to the level of some of the more egregious instances this Court has seen in the realm of permanent custody proceedings. However, upon a review of the evidence in light of the above statutory factors, we find the record contains clear and convincing evidence to support the trial court's determinations under R.C.2151.414(B)(1)(a) and R.C. 2151.414(E). Furthermore, although the trial court in this case chose not to rely on the "12 of 22" provision of R.C. 2151.414(B)(1)(d), we note there appears to be no dispute that Teuila was in temporary TCDJFS custody the entire time from September 2003 until the permanent custody trial of December 1, 2005. Although we have engaged in the foregoing analysis in the interest of justice, we recognize the record would also support a finding under R.C. 2151.414(B)(1)(d). Finally, although appellant does not focus on the "best interest" factors in R.C. 2151.414(D), based on our review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Teuila to TCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.
 {¶ 20} Appellant's sole Assignment of Error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] Dr. Misra did not testify, but his opinions were discussed by other witnesses without objection.