OPINION
{¶ 1} On November 26, 2005, Devante Oliver born July 27, 1984 and Matthew Oliver born December 13, 1995, were placed in the emergency temporary custody of appellee, the Stark County Department of Job and Family Services. Mother of the children is appellant, Eunice Oliver; alleged father is Henry Taylor. On November 28, 2005, appellee filed a complaint alleging the children to be abused, neglected and dependent. By judgment entry filed February 8, 2006, Devante was found to be neglected and Matthew was found to be dependent.
 {¶ 2} On May 30, 2006, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. A hearing was held on June 27, 2006. By judgment entry filed July 7, 2006, the trial court granted permanent custody of the children to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE COURT ERRED IN DETERMINING THAT SCDJFS PUT FORTH GOOD FAITH AND DILIGENT EFFORTS TO REHABILITATE THE FAMILY SITUATION."
 II {¶ 5} "THE COURT ERRED IN DETERMINING THAT THE BEST INTERESTS OF THE CHILDREN WERE SERVED BY GRANTING PERMANENT CUSTODY OF THE CHILDREN TO STARK COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S COUNSEL THE OPPORTUNITY TO PRESENT WITNESSES ON APPELLANT'S BEHALF DURING THE PERMANENT CUSTODY STAGE OF THE TRIAL."
 IV {¶ 7} "THE TRIAL COURT DENIED APPELLANT HER DUE PROCESS RIGHTS BY DENYING COUNSEL'S REQUEST TO CALL A WITNESS DURING THE PERMANENT CUSTODY STAGE OF THE TRIAL."
 I {¶ 8} Appellant claims the trial court erred in finding appellee put forth a good faith effort toward rehabilitation. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 10} Appellant argues appellee did not meet its burden pursuant to R.C. 2151.419(A) (1 ) which states the following:
 {¶ 11} "(A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount."
 {¶ 12} However, the statute further states the following in pertinent part at subsection (A)(2)(d):
 {¶ 13} "(A)(2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 {¶ 14} "(d) The parent from whom the child was removed has abandoned the child."
 {¶ 15} In addition, R.C. 2151.414(B)(1) states the following:
 {¶ 16} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 17} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} "(b) The child is abandoned.
 {¶ 19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 21} In the case sub judice, the trial court found the parents to have abandoned the children. See, Findings of Fact Nos. 6 and 7 filed July 7, 2006. Both appellant and the alleged father had not visited the children in well over ninety days. T. at 12-13.
 {¶ 22} In In re Bender, Stark App. No. 2004CA00015, 2004-Ohio-2268, ?7, this court held the following:
 {¶ 23} "We are cognizant that the present statutory scheme requires a court, in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see 2151.414(B)(1)(a)), to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not `[fallowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.' See R.C.2151.414(E)(1). However, in the case sub judice, there was no requirement for a R.C. 2151.414(B)(1)(a) finding, based on the court's finding of abandonment (Judgment Entry at 1), which is not herein challenged by appellant. See In re Willis, Coshocton App. No. 02CA15, 2002-Ohio-6795, ? 30. See, also, In re Starkey (1999),150 Ohio App.3d 612, 617: `Hence, because the agency proved and the court found that the children were abandoned, the court was not required to determine whether the agency used reasonable efforts to reunify or whether the child could not or should not be placed with either parent within a reasonable time.'"
 {¶ 24} We find the reasoning in Bender is applicable in this case.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court erred in finding the children's best interests were best served by granting permanent custody to appellee. We disagree.
 {¶ 27} Appellant argues the children should have been placed with their maternal grandmother, Betty Oliver. In support of her argument, appellant cites R.C. 2151.412(G)(2) and (5) which state the following:
 {¶ 28} "(G) In the agency's development of a case plan and the court's review of the case plan, the child's health and safety shall be the paramount concern. The agency and the court shall be guided by the following general priorities:
 {¶ 29} "(2) If both parents of the child have abandoned the child, have relinquished custody of the child, have become incapable of supporting or caring for the child even with reasonable assistance, or have a detrimental effect on the health, safety, and best interest of the child, the child should be placed in the legal custody of a suitable member of the child's extended family;
 {¶ 30} "(5) If the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with either, if no suitable member of the child's extended family or suitable nonrelative is available to accept legal custody of the child, and if the agency has a reasonable expectation of placing the child for adoption, the child should be committed to the permanent custody of the public children services agency or private child placing agency."
 {¶ 31} The provisions of this statute apply during the pendency of the case plan. They do not apply to best interests in a permanent custody determination. The applicable statute is R.C. 2151.414(D) which states the following:
 {¶ 32} "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 33} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 34} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 35} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 36} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 37} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 38} The children are currently in a foster home. T. at 17. The ongoing caseworker, Elizabeth Parsons, testified "the boys have completely turned around. The behaviors are under control urn through intervention in the home with case manager and counselor on a weekly basis. They've also had a significantly improvement in school behavior." Id. Ms. Parsons opined the boys are "very well adjusted to the foster home" and are "very bonded to their care giver." T. at 18. The foster parents are interested in adopting the boys. T. at 19.
 {¶ 39} The children's maternal grandmother testified during the hearing. Ms. Oliver has suffered a stroke and an aneurysm. T. at 32. She is retired and receives social security and a pension check from the Hoover Company. Id. She goes to various churches to receive free food and clothes. T. at 32-33. Ms. Parsons stated Ms. Oliver's "interaction with the children at visits is very negative and inappropriate even after we [give] direction and [make] several attempts to change interaction at visits." T. at 21.
 {¶ 40} Upon review, we cannot find the trial court erred in determining the best interests of the children were best served by granting permanent custody to appellee.
 {¶ 41} Assignment of Error II is denied.
 III, IV {¶ 42} Appellant claims the trial court erred in denying her the opportunity to present a witness on her behalf during the permanent custody portion of the hearing. Specifically, appellant claims the trial court abused its discretion and violated her due process rights. We disagree.
 {¶ 43} At the conclusion of appellee's case during the permanent custody portion of the hearing, the following exchange occurred:
 {¶ 44} "THE COURT: Thank you. You may step down. Call your next witness. Urn are you renewing your Motion?
 {¶ 45} "THE STATE: Yes I am Your Honor.
 {¶ 46} "THE COURT: All right. Any further argument on that?
 {¶ 47} "ATTY BACA: Your Honor I would just ask to put a witness up on the stand with regard to that matter.
 {¶ 48} "THE COURT: The Court will make such a finding. Urn are you prepared to proceed further?
 {¶ 49} "THE STATE: I would go to best interest at this." T. at 15-16.
 {¶ 50} The trial court then proceeded to the best interests portion of the hearing. Appellant argues the trial court denied her the opportunity to present a witness. The trial court did not specifically deny the request. Either the trial court did not hear Attorney Baca's request or chose to ignore it. Nevertheless, appellant's counsel did not reiterate the request, did not object and did not make a proffer on the record.
 {¶ 51} Upon review, we find the trial court did not abuse its discretion and appellant's due process rights were not violated.
 {¶ 52} Assignments of Error III and IV are denied.
 {¶ 53} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.