IN RE H.F. ET AL.

**[Cite as *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810.]**

*Juvenile court — Appeal — An appeal of a juvenile court's adjudication order of abuse, dependency, or neglect and the award of temporary custody pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A).*

(Nos. 2008-1036 and 2008-1037 – Submitted October 1, 2008 – Decided December 31, 2008.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, Nos. 90299 and 90300, 176 Ohio App.3d 106, 2008-Ohio-1627.

_____

**SYLLABUS OF THE COURT**

An appeal of an adjudication order of abuse, dependency, or neglect and the award of temporary custody pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A).

_____

**LANZINGER, J.**

{¶ 1} In this case, we are asked to determine whether a juvenile court's adjudication order must be appealed within 30 days from the entry of judgment or whether App.R. 4(B)(5) authorizes a second opportunity to appeal after the final disposition order. We hold that App.R. 4(B)(5) does not apply and that an appeal of a juvenile court's adjudication order of abuse, dependency, or neglect and the award of temporary custody pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A).

**Case Background**

**{¶ 2}** On February 6, 2006, appellant, Cuyahoga County Department of Children and Family Services ("CCDCFS"), removed H.F. from the custody of his father, appellee S.F., and filed a complaint for neglect and temporary custody.[1] Eight days later, CCDCFS filed a separate complaint for abuse, neglect, dependency, and temporary custody of R.F.[2] The children's mother did not appear at the adjudication hearing,[3] and appellee admitted the allegations in the amended complaints. The magistrate recommended that H.F. be found neglected, that R.F. be found abused, neglected, and dependent, and that both children be placed in the temporary custody of CCDCFS. The juvenile court considered the matters in May 2006, approved the magistrate's decisions, placed H.F. and R.F. in temporary custody, and notified appellee of his right to appeal. The order concerning H.F. was entered on June 5, 2006, and the order concerning R.F. was entered on June 7, 2006. No appeal was filed.

**{¶ 3}** On May 4, 2007, CCDCFS filed motions to modify temporary custody to permanent custody.[4] The court held a hearing on the motions on July 26, 2007; although he was represented by counsel, appellee did not appear. After receiving testimony and reviewing the recommendation of the guardian ad litem, the juvenile court terminated appellee's parental rights and granted permanent custody to CCDCFS.

**{¶ 4}** Three days after the juvenile court entered its orders, appellee filed an appeal with the Cuyahoga County Court of Appeals. In his first assignment of

---

1. H.F. had previously been adjudicated abused, neglected, and dependent while with his mother and was placed in the legal custody of appellee.

2. R.F. had been removed from her mother's custody shortly after she was born. Appellee's paternity of R.F. was established after the filing of the complaint.

3. H.F. and R.F.'s mother is not a party to this appeal.

4. CCDCFS had filed previous motions to modify custody, but those motions were withdrawn, and temporary custody was extended.

error, appellee contended that when the juvenile court accepted his admission at the February 2006 adjudicatory hearing, the court failed to comply with Juv.R. 29, which requires the court to personally address a party to ascertain whether admissions are made voluntarily and with an understanding of the rights being relinquished. In opposition, CCDCFS argued that the appeal of this issue was untimely because the adjudication of neglect, abuse, and dependency had not been appealed within 30 days of the juvenile court's orders. Relying on *In re A.C.*, 160 Ohio App.3d 457, 2005-Ohio-1742, 827 N.E.2d 824, and *In re S.G.*, 8th Dist. No. 84228, 2005-Ohio-1163, the court of appeals held that appellee could appeal at two points: either after the juvenile court's orders adopting the magistrate's decision concerning the adjudication hearing or after the juvenile court's orders from the final dispositional hearing that terminated his parental rights. *In re H.F.*, 176 Ohio App.3d 106, 2008-Ohio-1627, 890 N.E.2d 341, ¶ 32. Concluding that the trial court violated Juv.R. 29(D) when accepting appellee's admissions, the court of appeals reversed the adjudication orders, held appellee's remaining assignments of error moot, and remanded the matter for further proceedings. Id. at ¶ 45, 47.

{¶ 5} At the request of CCDCFS, the Eighth District Court of Appeals certified its decision as being in conflict with the Fourth District Court of Appeals decision of *In re P.N.M.,* 4th Dist. Nos. 07CA841 and 07CA842, 2007-Ohio-4976, and the Twelfth District Court of Appeals decision of *In re C.G.*, 12th Dist. Nos. CA2007-03-005 and CA2007-03-006, 2007-Ohio-4361, on the following issue: "Whether App.R. 4(B)(5) provides an exception to App.R. 4(A), and authorizes an appeal of an adjudication order, determining abuse, neglect, or dependency, alternatively thirty days after the court renders a final order on all issues in the case, including final disposition as to parental rights."

{¶ 6} We accepted the conflict and CCDCFS's discretionary appeal on the same issue.

**Final Order**

{¶ 7}  Section 3(B)(2), Article IV of the Ohio Constitution states that appellate courts have jurisdiction only over the judgments or final orders of inferior courts.   R.C. 2501.02 specifically provides appellate courts with jurisdiction "upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, *including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent*, for prejudicial error committed by such lower court."

{¶ 8}  A "final order" (1) "affects a substantial right in an action that in effect determines the action and prevents a judgment"; (2) "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment"; (3) "vacates or sets aside a judgment or grants a new trial"; (4) "grants or denies a provisional remedy" that "prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" and denies "a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action"; (5) "determines that an action may or may not be maintained as a class action"; (6) determines "the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly"; or (7) results from "an appropriation proceeding that may be appealed" pursuant to R.C. 163.09(B)(3).   R.C. 2505.02(B).   This court discussed whether a juvenile court's adjudication order could be a substantial right that determined an action as set forth in the first definition of final orders in *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169.[5]  We

---

5. When *In re Murray* was decided, R.C. 2505.02 defined "final order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial

held, "An adjudication by a juvenile court that a child is 'neglected' or 'dependent' as defined by R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a 'final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02." Id. at syllabus.

{¶ 9} In this case, the juvenile court filed a journal entry that approved the magistrate's decision finding H.F. to be neglected and placing him in the temporary custody of CCDCFS on June 5, 2006. A similar journal entry that approved the magistrate's decision that R.F. was abused, neglected, and dependent and placing her in temporary custody was filed on June 7, 2006. Pursuant to *In re Murray* and R.C. 2505.02, these entries are final orders.

**Time to Appeal**

{¶ 10} Generally, an appeal of a judgment or final order must be filed within 30 days from the entry of the judgment or order. App.R. 4(A). Under this rule, appellee should have appealed the juvenile court's order concerning adjudication of abuse, dependency, or neglect and the grant of temporary custody by July 5, 2006, for H.F. and by July 7, 2006, for R.F.; appellee, however, did not file his notices of appeal until August 13, 2007, three days after the juvenile court terminated his parental rights. In many appellate districts, his appeal of the adjudication issues would have been dismissed as untimely. See *In re Harris*, 1st Dist. No. C-020512, 2003-Ohio-672, ¶ 12; *In re P.N.M.*, 4th Dist. Nos. 07CA841 and 07CA842, 2007-Ohio-4976, ¶ 39-40; *In re Calvert Children*, 5th Dist. Nos. 05-CA-19 and 05-CA-20, 2005-Ohio 5653, ¶ 29-30; *In re Christopher B.* (July 3, 1997), 6th Dist. No. L-96-046, 1997 WL 379631, *4; *In re A.L.*, 10th Dist. Nos. 07AP-638 and 07AP-647, 2008-Ohio-800, ¶ 43; *In re C.G.*, 12th Dist. Nos. CA2007-03-005 and CA2007-03-006, 2007-Ohio-4361, ¶ 11-12. The Eighth

---

is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." Am.Sub.H.B. No. 412, 141 Ohio Laws, Part II, 3563, 3597.

District Court of Appeals, however, held that the exception to the 30-day rule in App.R. 4(B)(5) applied, providing appellee a second opportunity to appeal the adjudication orders within 30 days of the entry of the juvenile court's August 10, 2007 orders placing H.F. and R.F. in the permanent custody of CCDCFS.

{¶ 11} App.R. 4(B)(5) provides: "*Partial final judgment or order.* If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B) [which addresses judgment upon multiple claims or involving multiple parties], a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)." We adopted this subsection in 1992 following the review we recommended in *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 70, 555 N.E.2d 956, fn. 3, due to the difficulties that attorneys were having in determining whether a partial final judgment or order met the requirements of R.C. 2505.02 in class action suits, as set forth in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. 1992 Staff Note to App.R. 4, 64 Ohio St.3d CXXXI. "[App.R. 4(B)(5)] is designed for situations such as an order affecting a substantial right made in a special proceeding * * *." *Grabill v. Worthington Industries, Inc.* (1993), 91 Ohio App.3d 469, 473, 632 N.E.2d 997.

{¶ 12} For App.R. 4(B)(5) to apply, an order must meet two requirements: (1) it must be a final order that does not dispose of all claims for all parties, and (2) it must not be entered under Civ.R. 54(B). Here, we have already determined that the June 2006 adjudication orders are final orders. The next question is whether the adjudication orders are partial final orders — that is, whether any claim remained pending between the parties following the juvenile court's adjudication order of neglect, abuse, and dependency and grant of temporary

custody of the two children to CCDCFS. We conclude that there was not and, therefore, that App.R. 4(B)(5) does not apply.

{¶ 13} The complaints filed by CCDCFS asked for two things: (1) a finding of abuse, neglect, and/or dependency and (2) a grant of temporary custody to the agency. The June 2006 adjudication orders resolved both of these issues in favor of CCDCFS. As we noted in *In re Murray*, "the designation of the custody award as 'temporary' is not controlling." 52 Ohio St.3d at 157, 556 N.E.2d 1169. Although some future action is contemplated in a temporary custody order, the immediate action between the parties is concluded. Id. at 158.

{¶ 14} Bolstering the idea of complete finality, we also note that there is no assurance that a parent would have an alternative opportunity to appeal an adjudication order. As we recently reiterated in *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 44, a children services agency is not required to seek permanent custody unless statutorily required to do so under R.C. 2151.413(D)(1). A children services agency has several options upon the expiration of a temporary custody order besides seeking permanent custody. It can request that the child be returned home without any restrictions; be placed under protective supervision; be placed in the legal custody of a relative or other interested individual; or be placed in a planned permanent living arrangement. R.C. 2151.415.

{¶ 15} Furthermore, the neglect, abuse, and dependency finding and the award of temporary custody are not subject to readjudication if a children services agency later seeks permanent custody of the child. R.C. 2151.414(A). These factors, which led us to conclude in *In re Murray* that "a finding of neglect or dependency followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) is an order which, in effect, determines the action," also lead us to conclude that there are no issues left pending after a juvenile court issues an adjudication order. *Murray*, 52 Ohio

St.3d at 159, 556 N.E.2d 1169. Therefore, App.R. 4(B)(5) does not apply to adjudication orders that include a finding of neglect, abuse, or dependency and a grant of temporary custody to a children services agency.

{¶ 16} Appellee's argument that issues remain pending because the juvenile court retains jurisdiction over the case and is required to conduct reviews of a children services agency's case plan for the child is not persuasive. These obligations do not involve an active controversy or claim between the parents and the children services agency. They arise out of the children services agency's designation as the child's legal custodian and remain part of the juvenile court's duty to determine the child's best interests. They continue even after a children services agency has been granted permanent custody. R.C. 2151.415(E).

{¶ 17} Appellee raises a number of policy reasons for allowing more than one opportunity to appeal the award of temporary custody based on a finding of abuse, dependency, or neglect,[6] which we reject. App.R. 4 governs the timing of appeals and must be carefully followed because failure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect. *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713. We are not abrogating the right to appeal a juvenile court's adjudication order but simply clarifying when an appeal of this type must be filed: within 30 days of the entry of the adjudication order. Furthermore, even if no one appeals an adjudication order entered pursuant to R.C. 2151.353(A)(2), the parent still retains the right to appeal any award of permanent custody to a children services agency, and that appeal would include issues that arose after the adjudication order.

### Conclusion

---

6. For example, appellee argues that the Appellate Rules should be construed to favor the right of appeal, that parents in permanent custody actions should be given " 'every procedural and substantive protection the law allows,' " *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, quoting *In re Smith* (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45, and that few appeals are taken from adjudication orders because parents want to stay on good terms with children services agencies.

{¶ 18} We answer the certified question in the negative and hold that an appeal of an adjudication order of abuse, dependency, or neglect of a child and the award of temporary custody to a children services agency pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A). The judgment of the Cuyahoga County Court of Appeals is reversed, and the case is remanded to that court for resolution of appellee S.F.'s remaining assignments of error.

Judgment reversed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, for appellant, Cuyahoga County Department of Children and Family Services.

Jonathan N. Garver, for appellee, S.F..

_____