[Cite as *Citibank v. Abu-Niaaj*, 2012-Ohio-2099.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

CITIBANK (SOUTH DAKOTA) N.A. :

  Plaintiff-Appellee  :   C.A. CASE NO. 2011 CA 45

v.       :   T.C. NO. 10CVF1591

LUBNA ABU-NIAAJ   :    (Civil appeal from
              Municipal Court)

  Defendant-Appellant  :

          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the  11th  day of  May , 2012.

. . . . . . . . . .

BRADLEY TRIPLETT, Atty. Reg. No. 0080133, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114
  Attorney for Plaintiff-Appellee

LUBNA ABU-NIAAJ, 4354 Chelsea Drive, Bellbrook, Ohio 45305
  Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} On June 1, 2011, after a bench trial, the Xenia Municipal Court entered a judgment in favor of Citibank (South Dakota) N.A. and against Lubna Abu-Niaaj in the

amount of $10,707.47, plus costs and post-judgment interest, on Citibank's claims for amounts due on two credit card accounts. Abu-Niaaj had admitted that she owed money to Citibank, but she disputed the amount due and owing.

{¶ 2} On June 30, 2011, the trial court received correspondence from Abu-Niaaj, asking the trial court to reconsider its judgment and grant her a new trial. She argued that the judgment was against the weight of the evidence, emphasizing that "[o]nly some copies of money orders were considered upon judgment" and that the amount due on the account was not properly documented by Citibank. Abu-Niaaj further argued that the trial court erred in denying her first request for a continuance, which was made at the beginning of trial and for the purpose of locating an affordable attorney.

{¶ 3} The trial court summarily denied Abu-Niaaj's motion for reconsideration and for a new trial on July 5, 2011. On August 3, 2011, Abu-Niaaj filed a notice of appeal from the trial court's June 1, 2011 judgment and from the July 5, 2011 denial of her motion for reconsideration and for a new trial.

{¶ 4} Citibank subsequently moved to dismiss the appeal on the ground that Abu-Niaaj had failed to file a timely notice of appeal, pursuant to App.R. 4(A). We agreed with Citibank that Abu-Niaaj failed to file a timely notice of appeal with respect to the June 1, 2011 judgment. We limited this appeal to challenges that arise only from the July 5, 2011 entry overruling Abu-Niaaj's motion for reconsideration and for a new trial.

{¶ 5} Abu-Niaaj's appellate brief does not set forth any assignments of error, as required by App. R. 16(A)(3). Although she does not state any assignments of error, we infer her arguments to be that her appeal from the June 1, 2011 judgment was timely due to

the filing of her motion for a new trial, that the judgment was against the weight of the evidence, and that the trial court abused its discretion in denying her request for a continuance.

{¶ 6}   An appellate court only has authority (or jurisdiction) to rule on certain judgments.  Section 3(B)(2), Article IV, Ohio Constitution.  The Ohio Constitution grants jurisdiction to appellate courts to "review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"

{¶ 7}   App. R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is the timely filing of notice of appeal.  A notice of appeal generally must be filed within 30 days of the entry of the judgment or order.  App.R. 4(A). The Supreme Court of Ohio has held that the failure to comply with time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal.  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17; *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995); App.R. 3(A).

{¶ 8}   The time for filing a notice of appeal may be delayed by the filing of a timely motion for a new trial pursuant to Civ.R. 59(A).  To be timely, a motion for a new trial must be served no later than 14 days after the entry of the judgment.  Civ.R. 59(B).   If a timely and appropriate motion for a new trial is filed, the time for filing a notice of appeal from the judgment in question begins to run when the trial court enters an order resolving the post-judgment motion.  App.R. 4(B)(2).

{¶ 9}   An untimely motion for a new trial, however, does not extend the 30-day period for appealing a final judgment or order.  If a motion for a new trial could be filed

beyond the time required by App.R. 4 and still act to delay the time in which a notice of appeal must be filed, the 30-day period set forth in App.R. 4 would be meaningless. And, as stated above, the Supreme Court of Ohio has expressly held that the timely filing of a notice of appeal is necessary for an appellate court to have jurisdiction over an appeal.

{¶ 10} In this case, the trial court entered judgment in favor of Citibank on June 1, 2011. Abu-Niaaj's motion for reconsideration and for a new trial was not filed until June 30, 2011, more than 14 days after the judgment was entered. Accordingly, the motion was not timely and it did not toll the time for filing her notice of appeal from the June 1, 2011 judgment. Accordingly, as we stated previously, Abu-Niaaj's notice of appeal from the June 1, 2011 judgment was untimely, and we lack jurisdiction to consider challenges to that judgment.

{¶ 11} To the extent that Abu-Niaaj's June 30 motion requested reconsideration of the trial court's judgment, we likewise cannot address that portion of the motion. The trial court's June 1, 2011 judgment in favor of Citibank was a final, appealable order. The Ohio Rules of Civil Procedure do not provide for a motion for reconsideration of a final order. *Tucker v. Pope*, 2d Dist. Miami No. 2009 CA 30, 2010-Ohio-995, ¶ 25. Therefore, any order that a trial court enters on a motion for reconsideration is a legal nullity. *Id*., citing *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.). Since the portion of the July 5, 2011 order denying the motion for reconsideration was, itself, a nullity, Abu-Niaaj cannot successfully appeal from that portion of the order, and the trial court's decision on the motion for reconsideration must be vacated.

{¶ 12} As for the portion of the trial court's July 5 order denying the motion for a

new trial, the trial court did not articulate its reasons for its ruling. A trial court's decision granting or denying a motion for a new trial is reviewed for abuse of discretion. *McDonald v. Burton*, 2d Dist. Montgomery No. 24274, 2011-Ohio-6178, ¶ 169. "Abuse of discretion" means that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} It is clear that the trial court could have properly denied the motion based on untimeliness. As stated above, Abu-Niaaj was required to file her motion for a new trial within 14 days of the judgment; she failed to do so. Although Civ.R. 59(D) permits the trial court to grant a new trial on its own initiative, the court must still act no later than 14 days after the entry of judgment. *Id.*

{¶ 14} In summary, Abu-Niaaj failed to timely appeal from the June 1, 2011 judgment in favor of Citibank. Aub-Niaaj's motion for reconsideration of that judgment was a nullity, and the denial of the motion was also a nullity; accordingly, she had no right to appeal from it. Finally, the trial court did not abuse its discretion in denying her untimely motion for a new trial.

{¶ 15} Abu-Niaaj's direct appeal from the June 1, 2011 judgment is dismissed for lack of jurisdiction. The portion of the July 5, 2011 order denying Abu-Niaaj's motion for reconsideration will be vacated as a nullity, and the portion denying Abu-Niaaj's motion for a new trial will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Bradley Triplett
Lubna Abu-Niaaj
Hon. Michael K. Murry