[Cite as *Bank of Am. v. Kohler*, 2014-Ohio-1475.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP, | : | MEMORANDUM OPINION |
| | : | |
| | : | CASE NO. 2014-P-0004 |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| DAMON A. KOHLER, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2012 CV 00371.

Judgment: Appeal dismissed.

*Joshua J. Epling*, Laurito & Laurito, LLC, 7550 Paragon Road, Dayton, OH 45459 (For Plaintiff-Appellee).

*Peter Cozmyk*, Cozmyk Law Offices, LLC, 6100 Oak Tree Boulevard, Suite 200, Independence, OH 44131 (For Defendants-Appellants).

COLLEEN MARY O'TOOLE, J.

{¶1}   On January 17, 2014, appellants, Damon A. Kohler and Stephanie Kohler, by and through counsel, filed a notice of appeal from a December 17, 2013 entry of the Portage County Court of Common Pleas.

{¶2}   App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with time requirements of

App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} App.R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶4} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶5} The record in this case clearly shows that the order from which appellants wish to appeal was entered on the court's docket on December 17, 2013. On that same day, the clerk of courts noted on the appearance docket "notice under rule 58(B) issued to [attorneys]/parties by regular mail and/or facsimile."

{¶6} Thus, service was made on appellants within the three day period required in Civ.R. 58(B), and the thirty day time period began to run on date of entry of judgment, December 17, 2013. Accordingly, the deadline for appellants to file their notice of appeal was January 16, 2014, which was not a holiday or a weekend. This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B). Appellants untimely filed their notice of appeal on January 17, 2014.

{¶7} Thus, this appeal is dismissed, sua sponte, pursuant to App.R. 4(A).


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.