[Cite as *Discover Bank v. Ojnik*, 2014-Ohio-5382.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DISCOVER BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-103** |
| MARY ANN OJNIK, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Painesville Municipal Court, Case No. CVF 1301550

Judgment:  Appeal dismissed.

*Woo Song Jun* and *Matthew G. Burg*, Weltman, Weinberg & Reis Co., L.P.A., 323 West Lakeside Avenue, Suite 200, Cleveland, OH  44113 (For Plaintiff-Appellee).

*David M. Lynch*, 333 Babbit Road, Suite 333, Euclid, OH  44123 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}    On October 10, 2014, appellant, Mary Ann Ojnik, by and through counsel of record, David M. Lynch, filed a notice of appeal from a September 9, 2014 entry of the Painesville Municipal Court.

{¶2}    On October 22, 2014, appellee filed a motion to dismiss the appeal on the grounds that the notice of appeal was untimely filed pursuant to App.R. 4(A).  Appellant has filed no response in opposition to the motion to dismiss.

{¶3}    App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time

requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4} App.R. 4(A)(1) and (3) require a party to file a notice of appeal "within 30 days" of an entry that is final or, "if the clerk has not completed service of the order [entry] within the three-day period prescribed by Civ.R. 58(B), * * * the date when the clerk actually completes service."

{¶5} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶6} The record in this case clearly shows that the order from which appellant wishes to appeal was entered on the court's docket and filed on September 9, 2014. On September 11, 2014, the clerk of courts noted on the appearance docket that a "copy of judgment entry [was] mailed to Woo S. Jun & David Lynch."

{¶7} Thus, service was made on appellant within the three day period required in Civ.R. 58(B), and the thirty day time period began to run on the date of entry of judgment, September 9, 2014. Accordingly, the deadline for appellant to file her notice of appeal was October 9, 2014, which was not a holiday or a weekend. This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B). Appellant untimely filed her notice of appeal on October 10, 2014.

{¶8} Based upon the foregoing, appellee's motion to dismiss the appeal is hereby granted, and this is appeal is dismissed pursuant to App.R. 4(A).

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.