[Cite as *Block v. Battaglia*, 2014-Ohio-5613.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| KIM M. BLOCK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3235** |
| GREG BATTAGLIA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2013 CVE 585

Judgment: Appeal dismissed.

*Dennis P. Levin*, Landerbrook Corporate Center, 5910 Landerbrook Drive, #200, Cleveland, OH 44124 (For Plaintiff-Appellee).

*Victor A. Mezacapa, III*, Licata & Toerek, 6480 Rockside Woods Boulevard South, Suite 180, Independence, OH 44131 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} On October 10, 2014, appellant, Greg Battaglia, by and through counsel of record, Victor A. Mezacapa, III, filed a notice of appeal from a September 8, 2014 entry of the Chardon Municipal Court.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3}   App.R. 4(A)(1) and (3) require a party to file a notice of appeal "within 30 days" of an entry that is final or, "if the clerk has not completed service of the order [entry] within the three-day period prescribed by Civ.R. 58(B), * * * the date when the clerk actually completes service."

{¶4}   Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶5}   The record in this case clearly shows that the order from which appellant wishes to appeal was entered on the court's docket and filed on September 8, 2014. Further, on September 8, 2014, the clerk of courts noted on the appearance docket that copies were mailed to the parties.

{¶6}   Thus, service was made on appellant within the three day period required in Civ.R. 58(B), and the thirty day time period began to run on the date of entry of judgment, September 8, 2014. Accordingly, the deadline for appellant to file his notice of appeal was October 8, 2014, which was not a holiday or a weekend. This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B). Appellant untimely filed his notice of appeal on October 10, 2014.

{¶7}   Based upon the foregoing, this appeal is dismissed, sua sponte, pursuant to App.R. 4(A).

{¶8}   Appeal dismissed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

2