[Cite as *In re S.C.*, 2015-Ohio-4766.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102611**

---

# IN RE: S.C., ET AL.

# Minor Children

[Appeal by Mother]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD12917326 and AD12917329

**BEFORE:** S. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEY FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, OH   44109


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Anthony R. Beery
Cuyahoga County Department of
   Children and Family Services
4261 Fulton Parkway
Cleveland, OH 44144


**Also listed:**

**Attorney for Children**

Thomas Kozel
P.O. Box 534
North   Olmsted, OH   44070

**Guardian ad Litem**

Daniel J. Bartos
Bartos & Bartos, L.P.A.
20220 Center Ridge Road
Suite 320
Rocky River, OH   44116

SEAN C. GALLAGHER, J.:

{¶1} Appellant mother appeals from an order awarding permanent custody of two of her children, S.C. and J.C., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). Upon review, we affirm.

{¶2} On October 16, 2012, CCDCFS filed a complaint for neglect and temporary custody of S.C. and J.C. and their two older siblings because of mother's alleged anger management problem, mental health issues, and substance abuse problem, and father's criminal history. Mother was represented by a public defender in the matter, and discovery was conducted.

{¶3} Following a hearing, the children were committed to the emergency temporary custody of CCDCFS on November 7, 2012. The magistrate found reasonable efforts were made to prevent removal of the children from the home, finding that "Mother was referred for Family Preservation and for substance abuse assessment. Mother refused Family Preservation and did not complete the substance abuse assessment."

{¶4} The guardian ad litem for the children filed a report that detailed information obtained from the children regarding mother's substance abuse and her "whoopings" and beatings of the children. Supplemental reports were filed through the course of the proceedings that set forth further concerns pertaining to mother and the need to protect the children.

{¶5} A case plan was developed, and services were offered in an effort to achieve reunification. The record reflects mother had appropriate housing for the children and their basic physical needs were being met. However, among the concerns noted were "excessive discipline" and that mother was not addressing her mental health issues. The case plan was revisited during the course of proceedings. In addition to mother's excessive manner of disciplining her children, mother's substance abuse and mental stability were added concerns. It was reported that mother smokes marijuana daily and drinks alcohol. Services were afforded to mother to address the concerns and to reduce the risk and safety concerns for the children.

{¶6} After an adjudicatory hearing, the magistrate issued a decision adjudicating the children neglected. The trial court independently reviewed the matter and found clear and convincing evidence in the record supported the magistrate's decision. The trial court adjudicated the children to be neglected in a judgment entry issued on April 25, 2013. Among the evidence the trial court found to support the adjudication was mother's evasive behavior when the agency attempted to contact her regarding physical abuse allegations; mother's failure to follow through with family preservation services; reports from the children of mother's "whoopings," some of which involved the use of belts, extension cords, and blind turners; testimony from the social worker that mother threatened to beat the children in front of the social worker; evidence that mother sabotaged the safety plan by bringing the children inappropriate clothing and by cursing at the children over the phone; testimony regarding mother's behavior and anger at the

children; mother's failure to engage in family preservation and mental health services despite her admission to having posttraumatic stress disorder and evidence showing she has anger management issues; evidence that another child was removed from mother's care due to allegations of physical abuse; and testimony regarding mother's conviction for a DUI.

{¶7} Following a dispositional hearing, the magistrate issued a decision committing the children to the temporary custody of CCDCFS, which was followed by the judgment entry of the trial court on June 27, 2013. Mother did not file an appeal from the adjudication of neglect and the award of temporary custody.

{¶8} Temporary custody was later extended for an additional period of six months because there had not been substantial progress on the case plan by mother and progress had not been made in alleviating the cause for removal of the children from the home. The court found that mother had not benefitted from anger management and that minimal progress had been made in family counseling. The permanency plan for the children was reunification, and mother had regular visitation with the children.

{¶9} On April 28, 2014, CCDCFS filed a motion to modify temporary custody to permanent custody. CCDCFS acknowledged mother had completed substance abuse treatment, but indicated mother continued to screen positive for cocaine and marijuana. Further mother had completed a psychological evaluation, but had failed to address identified issues, including anger management and mental health issues. Additionally,

CCDCFS stated that mother had participated in individual and family counseling, but failed to benefit.

{¶10} A report from the guardian ad litem recommended an award of permanent custody to CCDCFS be granted for the children. The guardian ad litem later withdrew because of a conflict with the children's wishes, and a new guardian ad litem was appointed. The new guardian ad litem filed a report recommending that permanent custody of the children be granted to CCDCFS.

{¶11} The case proceeded to trial where evidence and testimony was presented in the matter. The trial court issued a judgment entry on February 9, 2014, terminating mother's parental rights and granting permanent custody to CCDCFS.

{¶12} Mother appealed the trial court's decision. Her sole assignment of error is as follows:

> The trial court erred in adopting a magistrate's decision, over objection, adjudicating the children as neglected children, when the state of Ohio failed to prove neglect under R.C. 2151.03(A) by clear and convincing evidence.

{¶13} Initially, we recognize that mother's sole argument focuses upon the trial court's adjudication of the children as neglected. CCDCFS included a motion to dismiss within its appellee's brief, claiming an appeal from the adjudication of neglect was not filed within 30 days of the adjudication order.[1] Mother did not file a reply brief.

---

[1] We note that the better practice would have been to file a motion to dismiss after the notice of appeal was filed and prior to briefing in this matter.

{¶14} "An adjudication by a juvenile court that a child is 'neglected' or 'dependent' * * * followed by a disposition awarding temporary custody to a public children services agency * * * constitutes a 'final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals * * *." *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), syllabus. Furthermore, "an appeal of an adjudication order of abuse, dependency, or neglect of a child and the award of temporary custody to a children services agency pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A)." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 18. Although the parent still retains the right to appeal any award of permanent custody to a children services agency, that appeal is limited to issues that arose after the adjudication order. *Id.*

{¶15} R.C. 2151.414(A)(1) provides that on a motion for permanent custody, the court must conduct a hearing "to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion." However, "[t]he adjudication that the child is an abused, neglected, or dependent child and any dispositional order that has been issued in the case under section 2151.353 of the Revised Code pursuant to the adjudication shall not be readjudicated at the hearing." R.C. 2151.414(A)(1). Thus, the neglect finding was not subject to readjudication at the time of the permanent custody hearing.

{¶16} The record reflects that on April 25, 2013, the trial court adjudicated the children to be neglected. Thereafter, the magistrate issued a decision on June 4, 2013,

committing the children to the temporary custody of CCDCFS, which was followed by the judgment entry of the trial court on June 27, 2013. Mother did not file a timely appeal from the adjudication and initial disposition of the children. The adjudication cannot be challenged through an appeal from the final dispositional order.

{¶17} Although the adjudication of neglect can no longer be challenged, we recognize that appellant filed this appeal following the award of permanent custody. Therefore, we shall review the trial court's decision to award permanent custody to CCDCFS.

{¶18} "An appellate court will not reverse a juvenile court's termination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence." *In re N.B.*, 8th Dist. Cuyahoga No. 101390, 2015-Ohio-314, ¶ 48, citing *In re M.J.*, 8th Dist. Cuyahoga No. 100071, 2013-Ohio-5440, ¶ 24. Pursuant to R.C. 2151.414(B), a court may grant permanent custody of a child to an agency if, after a hearing, the court determines, by clear and convincing evidence, that one of the four conditions set forth in R.C. 2151.414(B)(1)(a)-(d) applies, and that permanent custody is in the best interest of the child. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief_or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

**{¶19}** As to each child in this case, the trial court determined, by clear and convincing evidence, that the conditions under R.C. 2151.414(B)(1)(a), (b), and (d) applied. Specifically, the court found that the children cannot be placed with either parent within a reasonable time or should not be placed with the children's parents; the father has abandoned the children; and the children have been in the temporary custody of CCDCFS for 12 or more months of a consecutive 22-month period. The court found that the factors under R.C. 2151.414(E)(1), (4), (10), and (15) applied, and also considered other relevant factors pursuant to R.C. 2151.414(E)(16).

**{¶20}** In conducting a best-interests analysis under R.C. 2151.414(D), "[t]he court must consider all of the elements in R.C. 2151.414(D) as well as other relevant factors. There is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56.

**{¶21}** Here, the trial court considered the relevant factors pursuant to R.C. 2151.414(D), including the interaction and interrelationship of the children with their parents, siblings, relatives, and foster parents; the wishes of the children; the custodial history of the children; the children's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and the factors set forth under R.C. 2151.414(E)(7) to (11).

**{¶22}** The trial court considered that the children had been in the custody of CCDCFS for over two years; the children have had five placements and were currently in an adoptive home; parenting was on mother's case plan because mother was "whooping"

her children, and that despite mother finishing parenting classes, the quality of her parenting showed no benefit and remained an ongoing concern; mother had not successfully addressed her substance abuse problem; there were a number of concerns from mother's psychological assessments, including a threat to put bleach in the children's mouths for swearing; mother had not remedied the conditions causing removal; the children had expressed concerns about returning to their mother; the guardian ad litem for the children recommended that permanent custody be granted to CCDCFS; and relative placements had not been successful. The court indicated that recently another relative had come forward seeking legal custody, but noted numerous concerns about this relative and a lack of credibility. The court determined that CCDCFS had made reasonable efforts to prevent placement and/or make it possible for the children to remain in or return to the home. The court also indicated that numerous notations were made during trial "about the demeanor of the mother usually involving the word 'agitated' or 'concerning.'"

{¶23} Upon our review of the record, we find the trial court's determinations were supported by clear and convincing evidence. Although mother may have had appropriate housing for the children and their basic physical needs were being met, the evidence and testimony in the matter demonstrated that she had not benefitted from the services she was offered. Concerns over the quality of her parenting, substance abuse, and mental health issues were substantiated by the record. Mother had not made substantial steps toward remedying the conditions causing the removal of the children from the home.

After more than two years, a safe and stable home and permanency are clearly in the children's best interest in this case. We affirm the trial court's decision granting permanent custody to CCDCFS and terminating mother's parental rights.

**{¶24}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR