[Cite as *Primus v. Portage Metro. Hous. Auth.*, 2019-Ohio-2099.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SHARYLL PRIMUS, | : | **MEMORANDUM OPINION** |
| Appellant, | : | |
| | : | **CASE NO. 2019-P-0060** |
| - vs - | : | |
| PORTAGE METROPOLITAN HOUSING AUTHORITY, et al., | : | |
| | : | |
| Appellee. | : | |

Administrative Appeal from the Court of Common Pleas, Case No. 2017 CV 00879.

Judgment: Appeal dismissed.

*Sharyll Primus*, pro se, P.O. Box 2501, Akron, OH 44309 (Appellant).

*Antonios C. Scavdis, Jr.*, Scavdis & Scavdis, L.L.C., 261 West Spruce Avenue, P.O. Box 978, Ravenna, OH 44266 (For Appellee).

MATT LYNCH, J.

{¶1} Appellant, Sharyll Primus, filed a pro se appeal on April 25, 2019, from an entry of the Portage County Court of Common Pleas.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

**{¶3}** "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

**{¶4}** Here, the record shows the trial court issued its entry on March 25, 2019. The clerk of courts noted on the appearance docket that copies were issued to the parties on that same date. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment, i.e. March 25, 2019. The deadline for appellant to file her appeal was April 24, 2019, which was not a holiday or a weekend. Thus, appellant's April 25, 2019 notice of appeal was untimely filed.

**{¶5}** This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

**{¶6}** Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

2