[Cite as *Lacy v. Yan, Ashtabula Cty. Dog Warden*, 2022-Ohio-331.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| JAVONTE LACY, | **CASE NO. 2022-A-0001** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| DONNA YAN, ASHTABULA<br>COUNTY DOG WARDEN<br>(OFFICIAL CAPACITY), et al., | Trial Court No. 2021 CV 00360 |
| Defendants-Appellees. | |

## M E M O R A N D U M
## O P I N I O N

Decided: February 7, 2022
Judgment: Appeal dismissed

*Javonte Lacy*, pro se, PID# A704-102, Lebanon Correctional Institution, 3791 State Route 63, Lebanon, OH 45036 (Plaintiff-Appellant).

*Timothy T. Reid* and *Kendall A. Grodek*, Mansour Gavin, LPA, North Point Tower, 1001 Lakeside Avenue, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Javonte Lacy, filed a pro se appeal from an Ashtabula County Court of Common Pleas entry. Appellees filed a motion to dismiss the appeal as untimely, and appellant filed a "Motion for Time Extension" to extend the time for filing the appeal.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the record shows the trial court issued its entry on November 12, 2021. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on November 16, 2021. Therefore, the time to appeal began to run from November 16, 2021. The deadline for appellant to file his notice of appeal was December 16, 2022, which was not a holiday or a weekend. Thus, appellant's January 10, 2022 appeal was untimely filed by almost one month.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B). Therefore, appellant's motion to extend the time for filing the appeal is overruled.

{¶6} Based upon the foregoing, appellee's motion to dismiss is hereby granted. This appeal is dismissed pursuant to App.R. 4(A)(1).

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

2

Case No. 2022-A-0001