[Cite as *State v. Chester*, 2024-Ohio-2318.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

ISAAC J. CHESTER,

      Defendant-Appellant.

**CASE NO. 2024-P-0031**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 000462

## M E M O R A N D U M
## O P I N I O N

Decided: June 17, 2024
Judgment: Appeal dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Isaac J. Chester,* pro se, PID# A791-522, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 44901 (Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} On May 22, 2024, appellant, Isaac J. Chester, pro se, filed a notice of appeal and a motion for leave to file a delayed appeal. Appellant appeals the trial court's July 27, 2023 judgment entry denying his petition for postconviction relief.

{¶2} App.R. 4(A)(1) states in relevant part:

{¶3} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

**{¶1}** App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

**{¶2}** "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

**{¶3}** Here, the trial court docket reflects that the clerk mailed a copy of the entry to appellant on July 27, 2023, the same date it was filed. Therefore, pursuant Civ.R. 58(B), the thirty-day appeal time began to run on July 27, 2023. The deadline for appellant to file his notice of appeal was August 28, 2023, which was not a holiday or a weekend. Thus, appellant's notice of appeal was untimely filed by approximately nine months.

**{¶4}** Further, postconviction proceedings are considered civil in nature. This court is not empowered to extend the time to appeal in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

**{¶5}** In addition, motions for leave to file a delayed appeal pursuant to App.R. 5(A) are not applicable to civil appeals. *State v. Nichols,* 11 Ohio St.3d 40 (1984),

2

syllabus. *See also State v. Vinson,* 11th Dist. Lake No. 2015-L-018, 2015-Ohio-3549, ¶ 7; *State v. Johnson,* 11th Dist. Trumbull No. 2007-T-0092, 2007-Ohio-5500.

{¶6}    Based upon the foregoing, appellant's motion is overruled, and the appeal is dismissed, sua sponte, as untimely pursuant to App.R. 4(A)(1).

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

3