[Cite as *Schultz v. Schultz*, 2025-Ohio-4995.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| DANA M. SCHULTZ, | CASE NO. 2025-P-0055 |
| Petitioner-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| RICHARD E. SCHULTZ, | |
| Respondent-Appellant. | Trial Court No. 2020 DR 00001 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: November 3, 2025
Judgment: Appeal dismissed

*Michael A. Noble,* P.O. Box 248, Ravenna, OH 44266 (For Petitioner-Appellee).

*Richard E. Schultz*, pro se, P.O. Box 33, Aurora, OH 44202 (Respondent-Appellant).

ROBERT J. PATTON, P.J.

{¶1}   On August 13, 2025, appellant, Richard E. Schultz, filed a pro se notice of appeal from an August 1, 2025 entry.  A review of the record reveals that the trial court initially ordered a consent agreement and domestic violence civil protection order on February 28, 2020, which was to remain in effect until January 3, 2025.  Appellee, Dana M. Schultz, requested a renewal of the protection order. On April 23, 2025, the trial court issued a second domestic violence civil protection order.  Appellant filed a motion to reconsider on July 28, 2025, which was overruled by the trial court on August 1, 2025.  It is from that entry that appellant filed the instant appeal.

{¶2} It is well established that a motion for reconsideration is not recognized under the Ohio Rules of Civil Procedure, and therefore, any judgment on such a motion is a nullity and cannot be appealed. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also Kuss v. Clements*, 2012-Ohio-1678, at ¶ 4 (11th Dist.). Thus, the trial court's August 1, 2025 judgment entry overruling appellant's motion for reconsideration itself is a nullity and cannot be reviewed on appeal.

{¶3} Furthermore, the filing of a motion for reconsideration does not extend the time for filing an appeal from a final judgment. *Pitts* at 380. An appeal from the April 23, 2025 protection order, the only final appealable order listed on the trial court's docket, is untimely.

{¶4} App.R. 4(A) requires a party to file a notice of appeal within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

{¶5} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has stated that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 2008-Ohio-6810, ¶ 17.

{¶6} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the

Case No. 2025-P-0055

time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶7} In this case, the trial court issued its entry on April 23, 2025. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date. Thus, pursuant to Civ.R. 58(B), the time to appeal began to run from April 23, 2025. The deadline for appellant to file his notice of appeal was May 23, 2025, which was not a holiday or a weekend. Hence, appellant's August 13, 2025 notice of appeal was untimely filed.

{¶8} This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty. Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶9} Based upon the foregoing, this appeal is dismissed for lack of a final appealable order and untimeliness.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0055

**JUDGMENT ENTRY**

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed for lack of a final appealable order and untimeliness.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| :---: |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-P-0055