[Cite as *L. Bryan Carr Co., L.P.A. v. LaForge*, 2026-Ohio-713.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| L. BRYAN CARR CO., L.P.A., et al., | CASE NO. 2026-G-0001 |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| MARILYN A. LAFORGE, f.k.a. DEL ZOPPO, et al., | Trial Court No. 2020 F 000495 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: March 2, 2026
Judgment: Appeal dismissed

*Brian J. Green*, Shapero & Green, L.L.C., Signature Square, Building II, 25101 Chagrin Boulevard, Suite 220, Beachwood, OH 44122 (For Plaintiffs-Appellees).

*Andrew M. Engel*, Dann Law, 15000 Madison Avenue, Lakewood, OH 44107 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} On January 14, 2026, appellant, Marilyn A. LaForge, filed a notice of appeal from the December 11, 2025 judgment of the Geauga County Court of Common Pleas. On January 26, 2026, appellees filed a motion to dismiss, contending LaForge failed to file a timely appeal and this court is without jurisdiction to consider her appeal. In turn, LaForge filed a memorandum in opposition to appellees' motion to dismiss. While LaForge agreed with appellees the appeal should be dismissed, she contends the appeal should be dismissed for lack of a final appealable order and remanded to the trial court

to enter a final order. Appellees filed a reply in support of their motion to dismiss, arguing the judgment is final and appealable, as appellant indicated on her untimely notice of appeal.

{¶2} Appellees are correct in their assertion that LaForge's appeal must be dismissed for lack of jurisdiction because her notice of appeal was filed untimely. A timely notice of appeal was due no later than January 12, 2026, which was not a holiday or weekend.

{¶3} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶4} The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶5} Because we do not have jurisdiction, we cannot review the merits of LaForge's argument concerning whether the judgment she untimely appealed is a final appealable order.

{¶6} Accordingly, appellees' motion to dismiss is granted, and appellant's appeal is hereby dismissed.

{¶7} Appeal dismissed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-G-0001

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, appellees' motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-G-0001