[Cite as *In re A.J.W.*, 2025-Ohio-4772.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: A.J.W.

:
:     C.A. No. 30453
:
:     Trial Court Case No. G2019-005712-0I
:
:     (Appeal from Common Pleas Court-
:     Juvenile Division)
:
:     **FINAL JUDGMENT ENTRY &**
:     **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 17, 2025, the appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

T.F., Appellant, Pro Se
JULIA C. KOLBER, Attorney for Appellees

HUFFMAN, J.

{¶ 1} T.F. appeals from the March 4, 2025 decision and order of the juvenile court denying his Civ.R. 60(B) motion for relief from judgment. T.F.'s notice of appeal attached a copy of the trial court's September 23, 2024 decision and order denying his prior Civ.R. 60(B) motion for relief from judgment. Both of T.F.'s motions had sought to vacate the trial court's March 4, 2020 order granting custody of T.F.'s biological son, A.J.W., to the child's maternal grandparents. On brief, T.F. does not assign any errors related to the court's decisions denying his Civ.R. 60(B) motions. Instead, T.F.'s assignments of error focus on alleged errors related to the trial court's March 4, 2020 order. For the reasons that follow, we lack jurisdiction to consider T.F.'s untimely appeal of the trial court's March 4, 2025 order denying his motion for relief from judgment. Likewise, to the extent that T.F.'s appeal relates to the March 4, 2020 and September 23, 2024 orders of the trial court, we lack jurisdiction.

**Facts and Procedural History**

{¶ 2} A.J.W. was born in August 2018, and T.F. was listed as his father on his birth certificate. On November 24, 2019, A.J.W.'s mother died. Proceedings involving A.J.W. have occurred in the juvenile court and the probate court. On March 4, 2020, the Montgomery County Juvenile Court granted legal custody of A.J.W. to his maternal grandparents, R.W. and D.W., effective March 4, 2020.

{¶ 3} A review of the entirety of the lengthy proceedings in juvenile court before us is unnecessary. In relevant part, on October 11, 2023, T.F. filed a pro se motion for allocation

of parental rights and responsibilities regarding A.J.W. ("motion for custody"), and the hearing on the motion was continued multiple times.

{¶ 4} While T.F.'s motion for custody was pending, on September 9, 2024, he filed a pro se motion under Civ.R. 60(B) to vacate the March 4, 2020 legal custody judgment and obtain an order of custody of A.J.W. T.F. argued that he had not been properly served in 2019 due to his incarceration.

{¶ 5} On September 23, 2024, the juvenile court issued a decision finding T.F.'s Civ.R. 60(B) motion untimely, as it had been filed more than four years after judgment was entered against T.F. The court noted that T.F. had signed a waiver of service of summons on December 13, 2019, and that the waiver was filed with the court the same day. The court further found that T.F. had failed to assert any of the grounds listed in Civ.R. 60(B) as a basis for his motion. T.F. did not timely appeal the trial court's decision.

{¶ 6} The hearing on T.F.'s motion for custody was ultimately set for January 10, 2025. The magistrate's decision and judge's order on the motion followed that same day. The decision indicates that A.J.W.'s adoptive parents, R.W. and D.W., were present with counsel for a hearing on T.F.'s motion. But T.F. failed to appear, and as a result, his motion was dismissed. Though the magistrate's decision refers to R.W. and D.W. as A.J.W.'s adoptive parents and a December 2024 motion from R.W. and D.W. states that the adoption was finalized in October 2024, the record before this court is devoid of any evidence the adoption was granted. T.F did not timely appeal from the January 10, 2025 order, nor does he refer to the order in his brief.

{¶ 7} On February 4, 2025, T.F. filed a pro se motion captioned "Notice of Rehearing 60 B Motion–2 Newly Discovered Evidence of Bias: Notice to Set Aside Judgement Due to Fraud Upon the Court It Self Where This Court Lacks Subject Matter Jurisdiction This Court

3

Is Disqualified Pursuant to RC 2701.03 Because It Failed to State What Its Jurisdiction Was" ("second Civ.R. 60(B) motion"). T.F. asserted that the juvenile court and the probate court "combined forces then took the son of the biological father." He claimed that A.J.W. had been kidnapped. In support of the motion's allegations, T.F. attached to the motion a purported transcript of a conversation between him and two other people.

{¶ 8} The juvenile court's decision and order denying T.F.'s second Civ.R. 60(B) motion followed on March 4, 2025. The court concluded that T.F. had failed to establish any basis for relief under Civ.R. 60(B). The court found that the transcript lacked information establishing the date or context of the conversation, as well as verification it was prepared by a reputable transcription service provider. The court determined that T.F. had failed to establish that the alleged evidence supporting his motion was newly discovered, that he exercised due diligence, or that the evidence was material. The court noted that the transcript did not establish that a new trial would have produced a different result than the March 4, 2020 judgment awarding custody of A.J.W. to R.W. and D.W. T.F. filed his notice of appeal on April 17, 2025.

## Assignments of Error and Analysis

{¶ 9} Despite the lack of clarity in the order from which T.F. appeals, he asserts three assignments of error. He argues that the juvenile court erred in granting summary judgment when genuine issues of material fact existed regarding the statutory requirements for removing a child from a biological parent's custody. Second, T.F. claims that the juvenile court "committed procedural error by improperly using a waiver of service as a basis for removing A.J.W. from his custody." Third, he asserts that the juvenile court failed to properly apply "Ohio's grandparent visitation standards and constitutional protections for biological

4

parents." T.F. seeks reversal of the judgment of the juvenile court and "immediate custody" of A.J.W.

{¶ 10} As R.W. and D.W. argue in their response, T.F.'s April 17, 2025 notice of appeal indicates that he is appealing "the decision having been handed down on March 4th 2025 concerning the denial of his motion to set aside the verdict where he sought the return of his biological son." Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." "The Supreme Court of Ohio has held that the failure to comply with time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal." *CitiBank v. Abu-Niaaj,* 2012-Ohio-2099, ¶ 7 (2d Dist.). *See also LexisNexis v. Ostrow*, 2017-Ohio-9393, ¶ 7 (2d Dist.). Absent a timely notice of appeal, this court lacks jurisdiction to consider T.F.'s appeal of the March 4, 2025 order. For this same reason, to the extent that T.F.'s appeal relates to the trial court's March 4, 2020 and September 23, 2024 orders, the appeal is untimely, and this court lacks jurisdiction to consider any arguments related to those orders.

{¶ 11} Based upon the foregoing, we do not reach the merits of T.F.'s assignments of error. Accordingly, this appeal is dismissed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.

5